**Navajo Nation, Plaintiff-Appellee,**
v.
**Cynthia Hunter, Defendant-Appellant.**
**Decided October 3, 1995**

---

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Lee R. Belone, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Daryl Junes, Shiprock, Navajo Nation (New Mexico), for the Appellee.

Opinion delivered by AUSTIN, Associate Justice.

This opinion decides the Navajo Nation's motion to dismiss a criminal appeal for failure to timely file the notice of appeal.

### I

Appellant, Cynthia Hunter, was convicted of four criminal offenses on March 15, 1995. A sentencing hearing was held and the trial judge signed the judgment on June 27, 1995. Hunter filed her notice of appeal and brief on July 31, 1995; which was thirty-four days after the date of judgment. The Supreme Court was closed from July 25-28, 1995 due to the Navajo Nation Judicial Branch's Annual Conference. Hunter's thirtieth day for purposes of filing a notice of appeal fell on July 27, 1995, the day the Court was closed.

On August 24, 1995, the Navajo Nation filed a motion to dismiss the appeal arguing that the failure to file the notice of appeal and brief within thirty days from the date of judgment, as required by Rule 2(c), Navajo Rules of Appellate Procedure (NRAP), constituted a lack of jurisdiction. Hunter responded to the motion to dismiss, arguing that NRAP 5(a) permitted an extension of time to July 31, 1995, the date the Court reopened for business.

### II

Under the NRAP and the Navajo Nation Code, the notice of appeal and brief must be filed with the Supreme Court within thirty calendar days of the date the judge signs the final judgment. 7 N.T.C. § 801(a) (1985); NRAP 2(c). The rules

also provide that "[t]he last day of the period so computed is to be included unless it is a Saturday, Sunday, or court holiday, in which case the period shall extend to the end of the next business day which is not a Saturday, Sunday, or court holiday." NRAP 5(a). Moreover, 7 N.T.C. § 801(a) is a jurisdictional statute and this Court is without jurisdiction unless an appeal is filed within the prescribed time period. *Navajo Nation v. Devore*, 5 Nav. R. 155 (1987) (citations omitted).

This Court has granted motions to dismiss for lack of jurisdiction due to an untimely filing of an appeal. *See, e.g., Devore*, 5 Nav. R. at 155 (notice of appeal filed 31 days after entry of judgment); *The Navajo Tribe of Indians v. Yellowhorse*, 5 Nav. R. 133 (1987) (notice of appeal filed 42 days after entry of judgment); *Riverview Service Station v. Eddie*, 5 Nav. R. 135 (1987) (no enlargement of time for filing by mail); *Viva Rancho Motors, Inc. v. Tully*, 5 Nav. R. 145 (1987) (the day the judge signs the judgment is the date used to compute appeal time); *Whitehorse v. Navajo Nation*, 4 Nav. R. 55 (1983) (notice of appeal filed 31 days after entry of judgment); *Window Rock Mall, Ltd. v. Day IV*, 3 Nav. R. 58 (1981) (no jurisdiction unless timely filing of an appeal).

The question before this Court is whether the filing of the notice of appeal, thirty-four days after the judgment was signed, is untimely because the Supreme Court was not in operation on the thirtieth day. The deadline for filing the notice of appeal in this case was on July 27, 1995, but on that date the Supreme Court office was closed by order of the Chief Justice and the entire Supreme Court staff was attending the Judicial Branch's Annual Conference in Farmington, New Mexico. The Court did not reopen for business until July 31, 1995.

We hold that the closing of the Supreme Court office by order of the Chief Justice, such as for the Judicial Branch Annual Conference, is akin to a court holiday. The delayed filing in this case was not Hunter's fault, but was because the Court staff was not available to attend to the routine, daily business of the Court, as is the case on a court holiday. Accordingly, it was proper for Hunter to file her notice of appeal the next business day the Court was open, which was Monday, July 31, 1995.

The motion to dismiss the appeal is denied.